COURT OF CHANCERY
OF THE
STATE OF DELAWARE

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

February 11, 2022

Theodore A. Kittila, Esquire
Halloran Farkas & Kittila LLP
5801 Kennett Pike, Suite C
Wilmington, Delaware 19807

Richard E. Berl, Jr., Esquire
Hudson, Jones, Jaywork & Fisher, LLC
34382 Carpenter's Way, Suite 3
Lewes, DE 19958

RE: ***Mark G. Schaeffer, Sr. v. Donald Lockwood,***
Civil Action No. 2018-0926-MTZ

Dear Counsel,

I write to address the parties' dispute over prejudgment interest. I write for the parties and assume familiarity with my November 30, 2021, post-trial opinion, and the defined terms used therein.[1]

The parties first dispute when prejudgment interest begins to run. Plaintiff Mark G. Schaeffer, Sr., points to language in *Citadel Holding Corporation v. Roven* providing that prejudgment interest "is to be computed from the date payment is due."[2] Like *Weil v. Vereit Operating Partnership*, cited by defendant Donald Lockwood, *Citadel* awarded interest on indemnification based on the demand date; the demand initiated the obligation to pay.[3] Here, Schaeffer's unjust enrichment

---

[1] *Schaeffer v. Lockwood*, 2021 WL 5579050 (Del. Ch. Nov. 30, 2021).

[2] 603 A.2d 818, 826 (Del. 1992).

[3] *Id.*; *Weil*, 2018 WL 834428, at *15.

claim does not require a demand to ripen; *Citadel*'s plain language anchors interest to the date payment is due.

Schaeffer's payment was due when he enriched Lockwood yet remained impoverished. Schaeffer brought Lockwood the Subdivision that closed Sept. 29, 2016; assisted in preventing sunsetting from June through closing; and secured a takedown agreement that closed on Feb. 29, 2017, but went unpaid.[4] I conclude payment was due by March 31, 2017.

I turn next to the interest rate appropriate in this case. "The legal rate for prejudgment interest is 5% over the discount rate; however, this may be adjusted, as equity requires, in this Court's discretion."[5] Here, equity commands a downward adjustment. Interest rates available to Schaeffer, as someone without a history of large investments, were extremely low from 2017 to present.[6] Like *Wright*, this case moved slowly for reasons not solely attributable to Lockwood and which include a global pandemic; Schaeffer should not receive a windfall from the passage of all that

---

[4] *Schaeffer*, 2021 WL 5578050, at *6–9, *20; Tr. 312–18.

[5] *Wright v. Phillips*, 2020 WL 3410544, at *1 (Del. Ch. June 22, 2020); see 6 *Del. C.* § 2301(a).

[6] *See Wright*, 2020 WL 3410544 at *1; *Seibold v. Camulos P'ship LP*, 2012 WL 4076182, at *24 (Del. Ch. Sept. 17, 2012); *Schaeffer*, 2021 WL 5578050, at *4, *6, *12.

time. "I find this is the rare case where imposition of interest at the legal rate would offend equity. I find a rate of interest of 3% to be appropriate."[7]

I ask counsel to confer with their calculators, and submit a stipulated proposed final order and judgment.

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

MTZ/ms

cc: All Counsel of Record, via *File & ServeXpress*

---

[7] *Wright*, 2020 WL 3410544, at *1.